1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10
11  JANICE ELAINE MOSELEY,          )  Case No. ED CV 13-0282 JCG
                                    )
12                Plaintiff,        )
                                    )
13          v.                      )  **MEMORANDUM OPINION AND**
                                    )  **ORDER**
14  CAROLYN W. COLVIN,              )
    ACTING COMMISSIONER OF          )
15  SOCIAL SECURITY                 )
    ADMINISTRATION,[1]              )
16                                  )
17                Defendant.        )
    _____ )
18

19          Janice Elaine Moseley ("Plaintiff") challenges the Social Security

20  Commissioner's ("Defendant") decision denying her application for disability

21  benefits.  Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ")

22  improperly rejected her credibility.  (Joint Stip. at 12-16, 20-21.)  The Court agrees

23  with Plaintiff for the reasons discussed below.

24          A.     The ALJ Failed to Provide Clear and Convincing Reasons for Rejecting

25                 Plaintiff's Credibility

26

27  _____

28     [1]   Carolyn W. Colvin is substituted as the proper defendant herein.  *See* Fed. R.
        Civ. P. 25(d).

An ALJ may reject a claimant's credibility "only upon (1) finding evidence of malingering, or (2) expressing clear and convincing reasons for doing so." *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

Here, the ALJ provided five reasons in support of her credibility determination. The Court discusses, and rejects, each in turn.

First, the ALJ found that the severity of Plaintiff's symptoms is "greater than expected in light of the medical evidence." (Administrative Record ("AR") at 16.) However, an ALJ "may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991); *Gamer v. Sec'y of Health & Human Servs.*, 815 F.2d 1275, 1279 (9th Cir. 1987); *Summers v. Bowen*, 813 F.2d 241, 242 (9th Cir. 1987) (per curiam). Thus, as to this ground, the ALJ's credibility determination is inadequate.

Second the ALJ found that Plaintiff's symptoms were "unusual [] and [] not typical for [her] impairments." (AR at 62.) However, an "ALJ "must not succumb to the temptation to play doctor and make [her] own independent medical findings." *Banks v. Barnhart*, 434 F.Supp.2d 800, 805 (C.D. Cal. 2006) (*quoting Rohan v. Chater,* 98 F.3d 966, 970 (7th Cir. 1996); *see Penny v. Sullivan,* 2 F.3d 953, 958 (9th Cir. 1993)*; Nelson v. Heckler*, 712 F.2d 346, 348 (8th Cir. 1983) (per curiam) ("[T]o attempt to evaluate disability without personal examination of the individual and without evaluation of the disability as it relates to the particular person is medical sophistry at its best.") (citation omitted)). As such, the ALJ's unsupported medical conclusion is insufficient to reject Plaintiff's credibility.

Third, the ALJ found that Plaintiff made "contradictory statements." (AR at 63.) This reason is belied by the record. For instance, the ALJ noted that Plaintiff

1   testified that "her headaches lasted all day," while her July 9, 2009 *Headache*

2   *Questionnaire* indicates that "they lasted only an hour or two." (*Id.* at 63, 157.)

3   However, the ALJ misquoted Plaintiff's testimony and misconstrued her *Headache*

4   *Questionnaire*. *See Reddick v. Chater*, 157 F.3d 715, 723 (9th Cir. 1998) (finding

5   error where ALJ's "paraphrasing of record material [was] not entirely accurate

6   regarding the content or tone of the record.") Plaintiff did not testify that her

7   headaches lasted all day, but rather, that she gets headaches "three times a day, three

8   days a week." (AR at 30.) Neither did Plaintiff state in her *Headache Questionnaire*

9   that her headaches lasted only an hour or two. (*See id.* at 157.) Indeed, when asked

10  "How long do your headaches last?" Plaintiff answered "almost all day sometime

11  then sometime a couple of hours." (*Id.*) Plaintiff was later asked "How long after

12  your headache are you able to resume normal activities?" There, she replied "about

13  1 to 2 hours." (*Id.*) It appears as though the ALJ conflated the two questions. The

14  Court, for its part, finds no inconsistency between Plaintiff's answers and her

15  testimony at the hearing.

16      Next, the ALJ noted that Plaintiff "claimed she had carpal tunnel syndrome,

17  however, the records reveal no finding of carpal tunnel. (*Id.* at 63.) While

18  testifying, Plaintiff stated the she had been diagnosed with carpal tunnel "A while

19  back, a while back, a while back." Here, Plaintiff's medical records date back only

20  as far as two and a half years. (*See* AR at 188.) If Plaintiff was diagnosed with

21  carpal tunnel syndrome prior thereto, her statements were not necessarily

22  inconsistent. Further, that Plaintiff would not have included the older record seems

23  reasonable under the circumstances, as it would have been redundant. Plaintiff

24  submitted evidence of another impairment, medical epicondylitis, that causes the

25  same symptoms as carpal tunnel. (*See* AR at 263, 271, 273, 280, 287.) Thus, as to

26  this ground, the ALJ's credibility determination was erroneous.

27      Fourth, the ALJ found that Plaintiff's daily activities "could not be objectively

28  verified." (AR at 63.) However, the ALJ's "standard imposes an extremely heavy,

3

1  and unwarranted burden on Plaintiff." *Bernal v. Astrue*, 2011 WL 1790052, at *6
2  (C.D. Cal. May 9, 2011) (citations omitted); *see also Haller v. Astrue,* 2008 WL
3  4291448, at *5 (E.D. Cal. Sept. 18, 2008) (rejecting ALJ's credibility determination
4  based on his finding that claimant's "limited daily activities . . . could not be
5  objectively verified with any reasonable degree of certainty.") (citations omitted).
6  Social Security regulations make clear that a claimant's statements about daily
7  activities will be evaluated in relation to the objective medical record. *See* 20 C.F.R.
8  § 404.1529(c)(4) (amended in other sections). "The ALJ cites no authority
9  suggesting that a claimant is required to offer objective verification, to a reasonable
10  degree of certainty, regarding his activities of daily living." *Haller*, 2008 WL
11  4291448, at *5; *see also Lester*, 81 F.3d at 834 ("General findings are insufficient;
12  rather, the ALJ must identify what testimony is not credible and what evidence
13  undermines the claimant's complaints."). As to this ground, the ALJ improperly
14  rejected Plaintiff's credibility by imposing a heightened standard.

15      Fifth, the ALJ found that "Plaintiff provided very brief responses to direct
16  questions." The Court disagrees. After reviewing the hearing transcript, the Court
17  finds that Plaintiff's answers were responsive, respectful, and of reasonable length.
18  (*See* AR at 42.) Therefore, the ALJ's credibility finding is insufficient.

19      B.    Remand is Warranted

20      With error established, this Court has discretion to remand or reverse and
21  award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no
22  useful purpose would be served by further proceedings, or where the record has been
23  fully developed, it is appropriate to exercise this discretion to direct an immediate
24  award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004).
25  But where there are outstanding issues that must be resolved before a determination
26  can be made, or it is not clear from the record that the ALJ would be required to find
27  plaintiff disabled if all the evidence were properly evaluated, remand is appropriate.
28  *See id.* at 594.

1    Here, there are outstanding issues which must be resolved before a final
2   determination can be made.  On remand, the ALJ shall reconsider Plaintiff's
3   subjective complaints and the resulting functional limitations, and either credit
4   Plaintiff's testimony or provide clear and convincing reasons supported by
5   substantial evidence for rejecting them.  He shall also resolve all ambiguity in the
6   record.

7    Based on the foregoing, IT IS ORDERED THAT judgment shall be entered
8   **REVERSING** the decision of the Commissioner denying benefits and
9   **REMANDING** the matter for further administrative action consistent with this
10  decision.[1/]

11

12  Dated: November 12, 2013

13  _____

14                                Hon. Jay C. Gandhi
15                                United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28